IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RUTH DIAZ-CALDERÓN,**

    **Plaintiff,**

    v.

**PABLO PANTOJA KUNASEK, et al.,**

    **Defendants.**

**CIVIL NO. 15-2170 (PAD)**

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Before the court is the United States of America's "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support" (Docket No. 10). Plaintiff opposed (Docket No. 16). For the reasons explained below, the motion to dismiss is DENIED WITHOUT PREJUDICE.

**I.    BACKGROUND**

Plaintiff, Ruth Díaz-Calderón, is a Lieutenant Coronel of the Puerto Rico National Guard. She initiated this action in the San Juan Part of the Puerto Rico Court of First Instance against Pablo Pantoja-Kunasek, Waldemar Rivera-Quiñones, and Rubén Fernández-Vera; all members of the PRNG(Docket No. 8, Exh. 1).[1] Plaintiff alleges that defendants devised and orchestrated a defamation, fraud and extortion scheme with the purpose of forcing her resignation as Press Officer for the PRNG and causing her serious "moral damages, anguish and mental suffering." Id.[2]

---

[1] Although the certified copy of the complaint was filed at Docket No. 8, the date in which the complaint was filed is unclear. Plaintiff, however, claims that it was filed on May 11, 2015 (Docket No. 16 at ¶ 1.1).

[2] Defendants' wives and their respective conjugal legal partnerships were also listed in the complaint. See, Docket No. 8, Exh. 1 at ¶¶ 2.3, 2.4, 2.6, 2.7, 2.9 and 2.10. Moreover, as per the parties' submissions, defendants were employees of the Army and Air National Guard.

The United States of America removed the case to this court, essentially claiming that this is an action against the United States because plaintiff is seeking recovery of damages based on the tortuous conduct of a federal agency or employee acting within the scope of his employment (Docket No. 1 at ¶ 3). Following removal, it moved to dismiss the complaint for lack of subject-matter jurisdiction, claiming that the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., provides immunity from law suits to the defendants; establishes that the only available remedy and proper party defendant is the United States; and that plaintiff has not exhausted mandatory administrative remedies under the FTCA (Docket No. 10). In support, it submitted a certification from the Attorney General's designee, the United States Attorney Rosa E. Rodríguez-Vélez, that defendants were acting within the scope of their employments as federal officials (Docket No. 10, Exh. 1).[3] Plaintiff opposed, arguing that defendants' actions fall outside the scope of their employment (Docket No. 16).[4]

## II. STANDARD OF REVIEW

A. Fed.R.Civ.P. 12(b)(1)

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject

---

[3] Interestingly, the scope certification also included Diana Peña, who is listed in the complaint as Fernández-Vera's wife and not as a member of the PRNG or as participant in the negligent acts (Docket No. 8 at ¶ 2.9).

[4] Plaintiff additionally filed a Motion to Remand the case at Docket No. 12, but later moved to withdraw her request and conceded the case was removed pursuant to the Westfall Act and cannot be remanded to state court (Docket No. 16 at ¶ 2.1). Her request to withdraw is granted.

matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240, 247 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## III.   DISCUSSION

A.   Review of the Scope Certification under the Westfall Act

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, commonly referred to as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." Osborn v. Haley, 549 U.S. 225, 229 (2007); Davric Maine Corp. v. U.S. Postal Service, 238 F.3d 58, 65 (1st Cir. 2001). In such cases, the suit can proceed against the federal government unless some FTCA exception applies. Davric Maine Corp., 238 F.3d at 65.

Pursuant to the Westfall Act, a certification by the Attorney General that a federal employee was acting within the scope of his employment when committing the alleged tort from which the claim arose, "shall conclusively establish scope of office or employment for purposes of removal." See, 28 U.S.C. § 2679(d)(2); see also, Davric Maine Corp., 238 F.3d at 65. The certification does not, however, conclusively establish that the United States should be substituted,

Ruth Díaz-Calderón v. Pablo Pantoja-Kunasek, *et al.*
Civil No. 15-2170 (PAD)
Memorandum and Order
Page 4

but is subject to judicial review. Gutiérrez de Martínez v. Lamagno, 515 U.S. 417, 434 (1995); Vélez-Díaz v. Vega-Irizarry, 421 F.3d 71, 75 (1st Cir. 2005).

Where a plaintiff asserts that a defendant acted outside the scope of his employment despite the Attorney General's certification to the contrary, the burden of proof is on the plaintiff. Rogers v. Management Technology, Inc., 123 F.3d 34, 37 (1st Cir. 1997); Davric Maine Corp., 238 F.3d at 66. To overturn the Attorney General's scope certification, plaintiff must show that, under state (Puerto Rico) law, defendants were acting outside the scope of their employment at the time of the incident out of which the claims arose. Aversa v. United States, 99 F.3d 1200, 1208-1209 (1st Cir.1996); Davric Maine Corp., 238 F.3d at 65.

B. Scope of Employment Under Puerto Rico Law

Article 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5142, provides for the imposition of vicarious liability on an employer for damages an employee negligently causes while acting within the scope of employment and for the employer's benefit. *Cf.* Sánchez-Soto v. ELA, 128 D.P.R. 497 (1991) (employer vicariously liable when off-duty officer negligently shot another person after mishandling his gun, because the officer was required to carry the gun at all times as part of his job with the police; in doing so, he was advancing his employer's interest); *with* Hernández-Vélez v. Televicentro, 168 D.P.R. 803 (2006) (employer not vicariously liable for employee's sexual harassment of a contractor's employee).

Crediting plaintiff's well-pled factual allegations, there are no assertions that would allow the court to determine whether defendants' actions were, in fact, outside the scope of their employment. For example, the record lacks information regarding (1) defendants' duties and responsibilities; (2) the source of those duties and responsibilities (e.g. contracts, handbooks,

written instructions or orders); (3) supervisory oversight to which defendants were in fact subjected in the day-to-day performance of their work; (4) defendants' work schedule; (5) time and place of the acts in question; and (6) whether the employer's property was used to commit the acts. Properly developed, these elements should configure a matrix defining the extent to which the acts in question were linked to defendants' work, in a way falling – or not – within the scope of their employment. But at this point, the court cannot make any such determination.

## IV.  CONCLUSION

In view of the foregoing, and in the interest of justice, the court will permit discovery limited to the scope-of-employment issue, which shall conclude by **August 23, 2016**. Plaintiff will then have until **September 23, 2016**, to file if she deems it appropriate, a motion with specific evidence and authorities rebutting the scope-of-employment certification in this case.

The government shall respond by **October 26, 2016**. Replies and sur-replies will be allowed. They should be submitted without further court authorization not later than five (5) days after filing of the motion they are responding to (i.e. opposition or reply). On this basis, the government's motion to dismiss at Docket No. 10 is denied without prejudice.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23d day of June, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE
